IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 17-16064 |
| Aspen Court, LLC, | ) | Chapter 11 |
| an Illinois limited liability company, | ) | Judge Timothy A. Barnes |
| | ) | |
| Debtor/Debtor-in-Possession. | ) | |

## NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 10th day of January, 2018 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Timothy A. Barnes, Bankruptcy Judge, in the room usually occupied by him as courtroom 744 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **Motion For Allowance of Final Compensation and Reimbursement of Expenses to Debtor's Former Counsel and For Related Relief**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/David K. Welch_____
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice of Motion and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) on December 8, 2017, and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 8th day of December, 2017.

/s/David K. Welch_____

## SERVICE LIST

United States Trustee*
Dirksen Federal Building
219 South Dearborn St., Suite 873
Chicago, IL 60604

William J. Barrett*
Barack Ferrazzano Kirschbaum
& Nagelberg LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606

Francis X Buckley, Jr.*
Thompson Coburn LLP
55 East Monroe Street
37th Floor
Chicago, IL 60603

J. Ryan Potts *
Brotschul Potts LLC
30 N. LaSalle St., Suite 1402
Chicago, IL 60602

Cornelius P. Brown*
Amy E. Daleo
Cohon Raizes & Regal LLP
208 S. LaSalle St., Suite 1440
Chicago, IL 60604

Michael A. O'Brien *
O'Brien Law Offices, P.C.
124A South County Farm Road
Wheaton, IL 60187

Aspen Court, LLC*
39 W. 876 Old Burlington Road
Campton Hills, IL 60175
Attn: John Sauser

apartments.com
2563 Collection Center Drive
Chicago, IL 60693

Casey's General Store
PO Box 878439
Kansas City, MO 64187-8439

City of Macomb - Water Dept.
Po Box 377
Macomb, IL 61455

City of Macomb Water Department
PO Box 377
Macomb, IL 61455

Comcast
3517 N. Dries Lane
Peoria, IL 61604

Commerce Bank
Bloomington Banking Center
120 N. Center
Bloomington, IL 61704

Commercial Rental
9965 U.S. Highway 136
Macomb, IL 61455

Computer Masters
PO Box 525
Macomb, IL 61455

Connor Co.
433 North Campbell
Macomb, IL 61455

Father- Spirtas employee
951 Skinker Parkway
St Louis, MO 63112

Fowler's Appliance
613 East Pierce Street
Macomb, IL 61455

Frontier
63 Stone Street
Second Floor
Rochester, NY 14646

Heartland Bank
401 N. Hershey Rd.
PO Box 67
Bloomington, IL 61702-0067

Heartland Bank & Trust Co.
PO Box 67
Bloomington, IL 61720

Hub Printing
101 Maple Ave.
Rochelle, IL 61068

IL DMV
3701 Winchester Road
Springfield, IL 62707

Lambasio Inc.
401 E. Berrien Street
Galesburg, IL 61401

Lucie Scalf & Bougher
315 E. Jackson St.
Macomb, IL 61455

Maintenance USA
PO Box 404295
Atlanta, GA 30834

Map Communications
PO Box 789050
Philadelphia, PA 19178-9050

McDonough County Voice
26 West Side Square
Macomb, IL 61455

MCI
PO Box 4830
Trenton, NJ 08650

Munson's
850 E. Main Street
Galesburg, IL 61401

NTN Bower
1511 W. Jackson Street
Apartment 4
Macomb, IL 61455

NTN Executive
1513 W. Jackson Street
Apartment 2
Macomb, IL 61455

NTN Executive
1513 W. Jackson Street
Apartment 3
Macomb, IL 61455

Old Second National Bank
333 W. Wacker Drive, #710
Chicago, IL 60606

RARN LLC
302 Industrial Drive
DeKalb, IL 60115

Reliable Termite &
Pest Control Inc.
PO Box 627
Hannibal, MO 63401

Sears
1820 E. Sky Harbor Circle
Phoenix, AZ 85034

Security Alarm
PO Box 665
151 East Main
Salem, IL 62881

Son-Spirtas employee
951 Skinker Parkway
St Louis, MO 63112

Soy Capital Bank
1501 E. Eldorado Street
Decatur, IL 62521

Spirtas employee
951 Skinker Parkway
St Louis, MO 63112

Sprint
PO Box 4191
Carol Stream, IL 60197

Turnquist Service CO.
PO Box 237
Macomb, IL 61455

Verizon
PO Box 15124
Albany, NY 12212

Waste Management
Po Box 4648
Carol Stream, IL 60197

Waste Management
2625 W. Grandview Rd.
Suite 150
Phoenix, AZ 85023

West Side Lumber
Po Box 548
1301 W. Jackson
Macomb, IL 61455

Western Courier
1 University Circle
Macomb, IL 61455

Western Distributing
254 S. Collins
Macomb, IL 61455

Yellow Pages Unlimited
PO Box 41140
Melbourne, FL 32941

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 17-16064 |
| WTE S&S AG Enterprises LLC, | ) | Chapter 11 |
| an Illinois limited liability company, | ) | Judge Timothy A. Barnes |
| | ) | |
| Debtor/Debtor-in-Possession. | ) | |

**NOTICE OF HEARING ON MOTION FOR ALLOWANCE OF
FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES
TO DEBTOR'S FORMER COUNSEL AND FOR RELATED RELIEF**

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on December 8, 2017, David K. Welch, formerly of Crane, Heyman, Simon, Welch & Clar, former counsel for the Debtor, filed a Motion for Allowance of Final Compensation and Reimbursement of Expenses (the "CHSWC Motion"), requesting the sum of $107,533.50 for legal services rendered to the Debtor for the period commencing May 24, 2017 through and including October 31, 2017, plus costs advanced for the same period in the sum of $4,234.94.

PLEASE TAKE FURTHER NOTICE that any person objecting to the CHSWC Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **5th day of January, 2018**, with a copy of said objection(s) to be simultaneously served upon David K. Welch, Burke, Warren, MacKay & Serritella, P.C., 330 N. Wabash, 21st Floor, Chicago, Illinois 60611.

PLEASE TAKE FURTHER NOTICE that a hearing on the CHSWC Motion, together with objections timely filed, if any, will be held before the Honorable Timothy A. Barnes, Bankruptcy Judge, Courtroom No. 744, 219 South Dearborn Street, Chicago, Illinois, on the **10th day of January, 2018, at the hour of 10:00 a.m.**, at which time and place you may appear if you so see fit.

DATED: December 8, 2017

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Brian P. Welch, Esq. (Atty. No. 6307297)
BURKE, WARREN, MACKAY & SERRITELLLA, P.C.
330 N. Wabash, 21st Floor, Chicago, IL 60611
TEL: (312) 840-7000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 17-16064 |
| Aspen Court, LLC, | ) | Chapter 11 |
| an Illinois limited liability company, | ) | Judge Timothy A. Barnes |
| | ) | |
| Debtor/Debtor-in-Possession. | ) | |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtors' Former Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment:     <u>June 27, 2017 </u>(Retroactive to May 24, 2017)

Period for Which Compensation
is Sought:  From: <u>May 24, 2017</u>   through <u>October 31, 2017 </u>

Amount of Fees Sought:  <u>$107,533.50 </u>

Amount of Expense
Reimbursement Sought:   <u>$4,234.94 </u>

This is a(n):  Interim Application  _____     Final Application  __X___
If this is not the first Application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| None | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is: **Debtor's Former Counsel received a pre-petition advance payment retainer from the Debtor in the amount of $50,242.50.   This pre-petition retainer will be credited against any interim fees and expenses allowed by this Court to Debtor's Former Counsel.**

Date:  December 8, 2017

David K. Welch and the firm of
Crane, Heyman, Simon, Welch & Clar

Applicant:      By:   <u>/s/David K. Welch</u>
                    Debtors' Former Counsel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
) Case No. 17-16064
Aspen Court LLC, ) Chapter 11
an Illinois limited liability company, ) Judge Timothy A Barnes
)
Debtor/Debtor-in-Possession. )

## MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S FORMER COUNSEL AND FOR RELATED RELIEF

David K. Welch, formerly of and the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"),[1] former Counsel to Aspen Court, LLC, Debtor and Debtor in Possession herein, make his Motion pursuant to Section 330 of the Bankruptcy Code for Allowance of Final Compensation and Reimbursement of Expenses for legal services rendered and expenses incurred during the period May 24, 2017, through October 31, 2017 and For Related Relief; and in support thereof, states as follows:

**Introduction**

1.      On May 24, 2017, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2.      The Debtor is operating its business and managing its financial affairs as Debtor-in-Possession. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case. On November 29, 2017, this Court entered an Order authorizing

---

1 On November 6, 2017, David K. Welch, together with Brian P. Welch, moved their practices to the law firm of Burke Warren, MacKay & Serritella, P.C. ("BWMS"). The Debtor elected to follow Mr. Welch to BWMS. As explained later in this Motion, this is the motion on behalf of CHSWC for final allowance of fees and expenses for legal services rendered to the Debtor while CHSWC served as Debtor's Counsel in this Chapter 11 case.

1

CHSWC to withdraw its appearances as Counsel to the Debtor and further authorizing BWMS to substitute as Debtor's Counsel in this Chapter 11 case retroactive to November 6, 2017.

3.       On June 27, 2017, this Court entered an Order authorizing the Debtor to retain CHSWC as its Counsel in this Chapter 11 case retroactive to the Petition Date, with compensation subject to the further Order of this Court.

4.       By this Motion, CHSWC requests a final allowance of compensation and reimbursement of expenses in the amounts of $107,533.50 and $4,234.94, respectively, for legal services rendered to the Debtor during the period May 24, 2017, through October 31, 2017. Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as **Exhibits A and B**, respectively. CHSWC also requests that this Court authorize the payment of any allowed final compensation and reimbursement of expenses from cash collateral.

5.       CHSWC has received no prior allowances of interim compensation and expenses in this Chapter 11 case.   However, CHSWC did receive a pre-petition retainer in the amount of $50,242.50 which will be applied by CHSWC to any allowance of interim compensation and expenses awarded by this Court.

6.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.   This matter is a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

7.       The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Rule 5082-1 of the Local Rules of this Court.

**Relevant Background**

8.      The Debtor is a limited liability company that was formed in October 2000 pursuant to, and is in good standing under, the laws of the State of Illinois.   The Debtor's principal place of business for purposes of establishing the proper venue for this Chapter 11 case is at 39W876 Old Burlington Road, Campton Hills, Kane County, Illinois 60175 ("Kane County Office").

9.      The Debtor was formed for the purpose of acquiring land in Macomb, Illinois to develop and construct off-campus housing for students at Western Illinois University.   The owners of the Debtor have been engaged in the development, construction, ownership, operation and management of off-campus student housing throughout the State of Illinois since 1971.

10.      Specifically, in October 2000, the Debtor first acquired approximately four (4) acres of land adjacent to Western Illinois University on the corner of Elting and Alber Streets in Macomb.   Over an eighteen (18) month period, the Debtor developed and constructed the first project by completing 89 apartment units, an office and a maintenance garage.   A five (5) bedroom rental house was also purchased that has development potential.   Shortly thereafter, the Debtor acquired two (2) other smaller parcels of land on Wigwam Hollow Drive and on the 400 block of West Adams Street, both in Macomb and constructed an additional 35 units on these properties that are comprised of 24 apartments (on Wigwam Hollow Drive) and 11 townhomes (on West Adams Street).   Finally, in 2003, the Debtor acquired an additional ten (10) acres of land on the 1500 block of West Jackson Street in Macomb and built an additional 193 apartment units,

3

plus an office, maintenance garage, swimming pool and clubhouse on this last site. [2]

11.    As of the Petition Date, the Debtor has 318 apartment units in five (5) separate

locations surrounding the main campus of Western Illinois University.   These apartment units are

comprised of 63 single bedroom/single bathroom units, 170 two bedroom/two bathroom units, 50

three bedroom/three bathroom units, 33 four bedroom/two and half bathroom townhome units and

a five bedroom/three bathroom house.   Tenants also have the use of and access to a swimming

pool, fitness room, outdoor recreation area and a computer lab.   As of the Petition Date, the

aggregate occupancy rate for all four (4) locations was approximately 54%.   The current

occupancy rate is approximately 91.7%.

12.    The Debtor self-manages its Properties and conducts all leasing activity with its

own personnel.

13.    The Debtor has four (4) separate mortgage lenders that are asserting liens against

specific Properties and the rents generated therefrom as follows:

| Lender | Aggregate Amount Due |
|---|---|
| Soy Bank | approx. $9,800,000.00 |
| Old Second National Bank | approx. $5,200,000.00 |
| Commerce Bank | approx. $1,300,000.00 |
| Heartland Bank | approx.  $41,000.00 |

14.    The mortgage loans to Old Second National Bank ("Old Second") have matured

according to the terms thereof.   For weeks prior to the Petition Date, the Debtor had been

---

[2]These apartment units and related amenities are collectively referred to in this Motion as the
"Properties."

4

attempting to negotiate an extension of the Old Second mortgage loans with Old Second without success.

15.     On May 22, 2017, Old Second filed a Complaint and Confession of Judgment ("Confession Action") in the Circuit Court of Kane County, Illinois ("Kane County Court") pursuant to which Old Second was attempting to confess a judgment against the Debtor and its principals in an amount of approximately $5,300,000.00 without notice. The filing of the Confession Action in the Kane County Court by Old Second and the inability to reach a resolution of the issues with Old Second were the primary triggering events for the commencement of this Chapter 11 case.

16.     As a result, in order to protect certain of its Properties from foreclosure by Old Second and to protect the overall viability of its business and assets for the benefit of all creditors, the Debtor filed this Chapter 11 case.

17.     This Court has entered a series of Cash Collateral Orders in this Chapter 11 case as well as separate consensual Agreed Orders providing for further adequate protection of the secured interests of Soy Bank, Commerce Bank and Old Second.

18.     In an effort to prevent Old Second from proceeding with the Confession Action in the Kane County Court against the Debtor's principals, the Debtor filed a Complaint against Old Second for an Injunction ("Injunction Action").   On the eve of trial in the Injunction Action, Old Second agreed to the entry of a preliminary injunction enjoining it from proceeding against the Debtor's principals in the Confession Action for a specific period of time.

19.     The Debtor has several options for an exit strategy from this Chapter 11 case. Each of these options provides a mechanism for the payment of all creditors' claims in the context

5

of a confirmable Plan of Reorganization.

**Final Compensation and Expenses Requested**

20.    CHSWC is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, reorganization and insolvency.    At all relevant times, CHSWC was comprised of five (5) members, one (1) associate, and one (1) "of counsel" attorney, some of whom have participated in representing the Debtor in this bankruptcy case.[3]

21.    The following is biographical information pertaining to those attorneys who were primarily involved in the representation of the Debtor.    Other attorneys at CHSWC also participated to a lesser extent in this Chapter 11 case.    Each such attorney has significant experience and expertise in bankruptcy, reorganization and litigation matters.

22.    DAVID K. WELCH is a former member of the law firm and has been practicing law in the State of Illinois since 1982. Mr. Welch is now a member and shareholder of BWMS and the Chair of BWMS' Restructuring, Insolvency and Bankruptcy practice group. His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights.    He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders.    From October, 1979, through June, 1982, he served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee.    He has authored manuscripts for the Illinois Institute of Continuing Legal Education on matters involving bankruptcy and insolvency.    He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association.    He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association.    Furthermore, in conjunction with his

---

3 The successor firm to CHSWC is known as Crane, Simon, Clar & Dan.

financial mediation and negotiation training, he has completed a course sponsored by the National

Institute for Trial Advocacy in conjunction with Northwestern University.   He is a member of the

Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the

Seventh and Third Circuits, and before the United States District Courts for the Northern and

Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin.

He is a member of several other bar associations and legal organizations.   He was formerly a

member of the Standing Committee of the Illinois State Bar Association on Liaison with the

Attorney Registration and Disciplinary Commission.   Mr. Welch is the former Chairman of the

Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of

the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the

Bankruptcy Court Liaison Committee.

23.   ARTHUR G. SIMON is a member of the law firm of Crane, Heyman, Simon,

Welch & Clar, and has been practicing law since 1979 when he graduated from the Loyola

University of Chicago, School of Law.   Mr. Simon has been admitted to practice law in the state

courts of Illinois, in the United States Court of Appeals for the Seventh Circuit, and in the United

States District Courts for the Northern and Central Districts of Illinois, the Eastern District of

Wisconsin and the Northern District of Indiana.   He is a member of the Federal Trial Bar.

Beginning in 1981, he became engaged almost exclusively in the practice of bankruptcy

and insolvency litigation and has represented virtually every type of party in such matters,

including Chapter 7 and Chapter 11 debtors, secured creditors, landlords, trustees, and creditors'

committees.   His activities have included membership in the Chicago Bar Association Committee

on Bankruptcy and Reorganization.   He has served as the Editor of the Advance Sheets provided

by said Committee. In that capacity, he reported the rulings and opinions of the Bankruptcy Judges in the Northern District of Illinois to the Bankruptcy Committee members of the Chicago Bar Association. He served for several years on the Commercial, Banking and Bankruptcy Section Council of the Illinois State Bar Association for whom he has published several articles, and also served on the General Assembly of that Association.

24.     JEFFREY C. DAN is a member of the law firm and has been practicing law in the State of Illinois since 1997. He graduated from DePaul University School of Law. He has practiced as a trial attorney in a number of areas of the law including personal injury, domestic relations, criminal law and commercial litigation. Mr. Dan joined the firm in September of 2002 and has been actively involved in all aspects of bankruptcy litigation as well as State Court litigation that arises in insolvency matters. Mr. Dan is admitted to practice in the United States Court of Appeals for the Seventh Circuit and the Third Circuit, and the United States District Courts for the Northern and Central Districts of Illinois, Northern District of Indiana, and the Eastern District of Wisconsin, and is a member of the Federal Trial Bar.

25.     BRIAN P. WELCH is a former associate with CHSWC whose practice is primarily focused in the fields of bankruptcy, business reorganization, debtor's and creditor's rights, insolvency, and commercial litigation. Mr.Welch is now a senior associate at BWMS and a member of its Restructuring, Insolvency and Bankruptcy practice group. He has represented a diverse group of clients including individual and corporate debtors in Chapter 11 and Chapter 7 proceedings, secured and unsecured creditors, estate representatives such as Chapter 7 and Chapter 11 trustees, plan administrators and assignees for the benefit of creditors. He has a broad range of experience in both State and Federal Courts, including representation of creditors in State Court,

with respect to contract and mortgage foreclosure actions.

Prior to joining CHSWC, Mr. Welch was an associate in the Chicago Bankruptcy &
Creditors' Rights and Litigation groups at Arnstein & Lehr LLP. He graduated *cum laude* from
The John Marshall Law School in 2011 and received his B.A. from the University of Illinois in
2008. While in law school, he was a member of The John Marshall Law Review and served on the
The John Marshall Moot Court Honors Executive Board. Mr. Welch represented The John
Marshall Law School in several national inter-scholastic competitions, including the Hon. Conrad
B. Duberstein Bankruptcy Moot Court Competition (Spring 2011), where his team received an
"Outstanding Brief" award, and the Pepperdine University School of Law National Entertainment
Law Moot Court Competition (Fall 2010), where his team was named a national quarterfinalist.

Mr. Welch is admitted to practice in the United States Court of Appeals for the Seventh
Circuit, the United States District Court for the Northern District of Illinois and in the State of
Illinois. He is an active member of the American Bankruptcy Institute, the American Bar
Association, and the Illinois State Bar Association. He has been published in various local and
national publications. His articles include:

Co-Author, "Abstention: Recent Developments", Norton Annual Survey of Bankruptcy Law,
Volume 2012, Issue 2012, 2012 Ann. Surv. Bankr. Law 18 (2012).

"7th Circuit Successor Liability Law as Extended by Ordonez v. Akorat", Illinois State Bar
Ass'n, Commercial Banking, Collections & Bankruptcy Law, Vol. 56, No. 4 (February 2012).
Co-Author, Chapter: "The Impact of Foreclosure and Bankruptcy on Commercial Leases",
Advanced Commercial Landlord-Tenant Law, National Business Institute (June 2012).

Brian P. Welch, Comment, *Unconscionable Amateurism: How the NCAA Violates Anti-Trust by
Forcing Athletes to Sign Away Their Image Rights*, 44 J. Marshall L. Rev. 533 (2011).

American Bankruptcy Institute, "Ability to Extend the Real Estate Tax Redemption Deadline",

9

(7/31/15).

26.     The hourly rates usually charged by CHSWC in matters of this nature are as follows:

| Attorney | 2017 Hourly Rates |
|---|---|
| Eugene Crane (EC)[4] | $510.00 |
| Arthur G. Simon (AGS) | $510.00 |
| David K. Welch (DKW) | $510.00 |
| Scott R. Clar (SRC) | $510.00 |
| Jeffrey C. Dan (JCD) | $445.00 |
| John H. Redfield (JHR) | $400.00 |
| Brian P. Welch (BPW) | $325.00 |

27.     The following is a chart that depicts the total hours that each attorney at CHSWC expended in representing the Debtor during the relevant period:

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 168.6 | $85,954.00 |
| Jeffrey C. Dan | 24.10 | $10,724.50 |
| Brian P. Welch | 36.60 | $10,855.00 |
| **Total** | **229.30** | **$107,533.50** |

28.     During the course of the representation of the Debtor during the relevant period, CHSWC incurred expenses of $4,234.94.   These expenses are itemized on **Exhibit B** to this Motion.

## Legal Services Rendered to the Debtor

29.     The representation of the Debtor is categorized in this Motion as follows:

A.      **General Administration**

The matters in this category include assisting the Debtor with the

---

[4] These are the abbreviations utilized in the Exhibits to this Motion.

general administration of this bankruptcy case and the Debtor's business operations and financial affairs, filing routine motions and filing professionals' fee applications and retention motions.   Also included in this category are legal services related to assisting the Debtor with its monthly operating reports and responding to general creditor inquiries.

**Total Time Expended**                                    **13.50 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 11.10 | $5,661.00 |
| Jeffrey C. Dan | 2.40 | $1,068.00 |
| **TOTAL** | **13.50** | **$6,729.00** |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this category.

B)   **Chapter 11 Filing, Schedules, Utilities, Tenant Issues**

The matters in this category include assisting the Debtor with the preparation and filing of the Chapter 11 case, bankruptcy schedules and supporting statement of financial as well as any amendments thereto.   CHSWC also prepared and filed a motion under Section 366 of the Bankruptcy Code to provide adequate assurances to the several utility companies providing utility service to the Debtor and to establish an affordable deposit formula with such utilities that fit within the Debtor's cash collateral budgets.   Finally, CHSWC responded to numerous inquiries from the over 300 tenants comprised of college students and their families relating to the effect of the Debtor's Chapter 11 filing upon their leases for the student housing being provided to them by the Debtor.

**Total Time Expended**                                    **28.70 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 11.00 | $5,610.00 |
| Jeffrey C. Dan | 17.50 | $7,787.50 |
| Brian P. Welch | 0.20 | $ 0.00 |
| **TOTAL** | **28.70** | **$13,397.50** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this category.

11

C) **Cash Collateral Issues**

The key to the continued administration of this Chapter 11 case has been the entry of a series of Cash Collateral Orders by this Court. The Debtor has four (4) separate and distinct mortgage lenders ("Lenders") that are asserting liens against the Properties. CHSWC reviewed all of the Lenders' loan documents and assisted the Debtor in all aspects of maintaining the Debtor's continued and uninterrupted use of cash collateral.   All objections by the Lenders to the use of cash collateral were consensually resolved without the need for any contested hearing in this Court.

**Total Time Expended**                                            **21.10 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 18.80 | $9,588.00 |
| Jeffrey C. Dan | 0.50 | $  222.50 |
| Brian P. Welch | 01.80 | $   32.50 |
| **TOTAL** | **21.10** | **$ 9,843.00** |

Attached to this Motion as **Exhibit E** is an itemization of the legal services rendered in this category.

D) **Secured Lenders**

CHSWC has assisted the Debtor in providing extensive information and documents requested by the Lenders. Additionally, CHSWC negotiated separate agreements with Soy Bank, Commerce Bank and Old Second with respect to providing additional adequate protection for the secured interests of each of these Lenders. This Court entered separate Agreed Orders approving this additional adequate protection to these Lenders. This additional adequate protection avoided any litigation in this Court over stay relief and objections to the continued use of cash collateral and provided the Debtor with a litigation – free environment to negotiate with such Lenders over a Chapter 11 exit strategy.

**Total Time Expended**                                            **40.60 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 38.40 | $19,566.00 |
| Jeffrey C. Dan | 02.20 | $   979.00 |
| **TOTAL** | **40.60** | **$20,545.00** |

Attached to this Motion as **Exhibit F** is an itemization of the legal services rendered in this category.

    E)    **Chapter 11 Exit Strategy**

CHSWC has regularly advised the Debtor of its rights, options and obligations relating to an exit strategy from this Chapter 11 case. CHSWC has sought, and obtained, extensions of the applicable exclusive periods set forth in Section 1121 of the Bankruptcy Code on behalf of the Debtor.

**Total Time Expended**                                  **11.60 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 11.10 | $5,653.00 |
| Jeffrey C. Dan | 0.50 | $   222.50 |
| **TOTAL** | **11.60** | **$5,875.50** |

Attached to this Motion as **Exhibit G** is an itemization of the legal services rendered in this category.

    F)    **Property Issues; Tax Claims**

Certain limited issues arose in this Chapter 11 case relating to maintenance of the Properties and real estate tax claims. CHSWC assisted the Debtor with these issues.

**Total Time Expended**                                  **0.50 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 0.50 | $255.00 |
| **TOTAL** | **0.50** | **$255.00** |

Attached to this Motion as **Exhibit H** is an itemization of the legal services rendered in this category.

    G)    **Injunction Complaint vs. Old Second**

In the Injunction Action, the Debtor sought declaratory and injunctive relief to enjoin the continued prosecution of the Confession Actin in the Kane County Court by Old Second against the Debtor's principals. The Injunction Action was premised on the fact that the Debtor's principals are ready, willing and able to make significant contributions of time and financial resources to the Debtor's

13

reorganization which would be impeded and unlikely if the prosecution of the Confession Action was to continue against them.   Old Second defended against the relief sought by the Debtor in the Injunction Action.   The Debtor and Old Second engaged in accelerated discovery and pretrial compliance in the Injunction Action.   On September 17, 2017, immediately prior to the start of the trial in the Injunction Action, Old Second agreed to the entry of preliminary injunction which was memorialized in an Agreed Injunction Order entered by this Court.

**Total Time Expended**                                                    **113.30 hours**

| **Attorney** | **Hours** | **Amount** |
|---|---|---|
| David K. Welch | 77.70 | $39,621.00 |
| Jeffrey C. Dan | 1.00 | $  445.00 |
| Brian P. Welch | 34.60 | $10,822.50 |
| **TOTAL** | **113.30** | **$50,888.50** |

Attached to this Motion as **Exhibit I** is an itemization of the legal services rendered in this category.

**Request For Related Relief**

30.    The Debtor has sufficient cash to pay the fees and expenses requested by CHSWC. The Debtor requests that this Court authorize the payment of allowed fees and expenses from cash collateral.   The secured interests of the Lenders will remain adequately protected after payment of any allowed fees and expenses to CHSWC. As of October 31, 2017, the Debtor has approximately $1,200,000.00 on deposit in its various accounts.

**Conclusion**

31.    Other than as provided in Section 504(b) of the Bankruptcy Code, CHSWC has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity.   The sole and exclusive source of compensation shall be funds of the Debtor.

32.    CHSWC asserts that the compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature,

extent and value of such professional services. CHSWC further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

33.    CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

34.    CHSWC submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

WHEREFORE, DAVID K. WELCH formerly of the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's former Counsel, requests the entry of an Order allowing final compensation and reimbursement of expenses in the amounts of $107,533.50 and $4,234.94, respectively; authorizing the payment of allowed fees and expenses from cash collateral; and granting such other relief as may be just and appropriate.

Respectfully Submitted,

DAVID K. WELCH, formerly of the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR

By:_____/s/David K. Welch_____

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Brian P. Welch, Esq. (Atty. No. 6307292)
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 N. Wabash, 21st Floor
Chicago, Illinois 60611
TEL: (312) 840-7000